## In re O'GARA COAL CO.

### EQUITABLE TRUST CO. OF NEW YORK v. HANECY et al.

(Circuit Court of Appeals, Seventh Circuit. August 29, 1916.)

No. 2395.

1. BANKRUPTCY ⚙➝442—REVIEW—QUESTIONS REVIEWABLE.

An appellate court cannot review matters not decided by the trial court. Therefore, where the lower court which, on review of the referee's order allowing fees to the trustees' attorneys, did not decide out of what funds the fees were payable, although petitioners claimed a lien on a large portion of the bankrupt's property, the question as to the priority of the respective parties cannot be reviewed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. ⚙➝442.]

2. BANKRUPTCY ⚙➝446—REVIEW.

In view of the presumption of the correctness of the trial court's order, an order of the trial court directing payment to attorneys for the trustees of the bankrupt out of property or funds in the hands of the trustees must be deemed to include a further direction that the fees should be paid only out of funds properly applicable to payment of such fees.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⚙➝446.]

3. BANKRUPTCY ⚙➝474—COSTS—FEES OF TRUSTEES' ATTORNEYS.

Where petitioners asserted liens on the bankrupt's property and fees were allowed the attorneys of the trustees, the trial court should determine what property in the hands of the trustees is subject to petitioners' lien, and what is subject to payment of fees of the trustees' attorneys, taking into consideration the fact whether the services rendered were for the benefit of property claimed by petitioners.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884; Dec. Dig. ⚙➝474.]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of the O'Gara Coal Company. Petition by the Equitable Trust Company of New York to review and revise an order of the District Court allowing Elbridge Hanecy and another fees as attorneys. Cause remanded for further proceedings consistent with the opinion.

Petition of the Equitable Trust Company et al., of New York, to review and revise order of District Court entered May 9, 1916, in the estate of O'Gara Coal Company, a bankrupt. The referee found due to respondents for their services as attorneys rendered to the trustees in bankruptcy, $18,197.76, and ordered the trustees to pay this amount to respondents, and that the payment shall "be superior to the lien of a certain deed of trust executed by said bankrupt on or about the 1st day of September, 1915, to secure the payment of the bond issue of $3,000,000." On petition to review this order, the District Court eliminated the quoted part of the order of the referee, and directed the trustees to make the payment as part of the costs and expenses of the administration of the bankrupt estate, "out of any property and effects in the hands of the trustees." The amount of respondents' claim is not in dispute and is conceded to be properly allowable as a claim against the bankrupt estate. The bankrupt's assets consist in the main of coal lands, mines, and mine equipment, and the trustees in bankruptcy are operating the mines under order of the court.

---

⚙➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petitioner is trustee under a mortgage given by the bankrupt to secure payment of bonds to the amount of $3,000,000, about $2,700,000 of which are outstanding. The mortgage provides it shall be a lien on the property described therein and on all after-acquired property of the mortgagor, and also on all the rents, issues, and profits arising from the mortgaged property. Petitioner contends that all the funds and property now in the hands of the trustees are funds which under the mortgage are subject to the lien of the mortgage, and that none of the funds in the hands of the trustees are applicable to payment of respondents' claim, and petitioner alleges it has heretofore filed its petition in the District Court demanding that the possession of such properties and funds be turned over to the petitioner herein, which petition is alleged to be still pending and undetermined in the District Court.

Respondents contend that, as to a large part of the property in the hands of the trustees upon which petitioner claims to have such lien, the trust deed does not in fact constitute a lien, and that the funds in the hands of the trustees arose mainly from the operation by the trustees of coal mines on property of the bankrupt not subject to such lien, and that respondents are in any event, because of the nature of their services for which their claim was allowed, entitled to have their claim satisfied out of any funds in the hands of the trustees arising from the operation by trustees of the bankrupt's property, regardless of whether or not petitioner's mortgage was in fact a first lien thereon.

Petitioner maintains that the order permits payment of respondents' claim to be made out of any funds in the trustees' hands, notwithstanding petitioner's mortgage may be a first lien thereon.

The order under consideration does not deal with the nature of respondents' services, nor with the source and nature of the funds in the possession of the trustees, and it makes no finding or direction on the subject of any lien of petitioner's mortgage upon such funds or upon all or any of the property out of which they arose, nor is it undertaken to be determined how much, if any, of respondents' claim is applicable to services rendered in the interest of such funds in the trustees' hands, or of the mortgaged property.

Before ALSCHULER and EVANS, Circuit Judges, and SANBORN, District Judge.

Julius Moses, of Chicago, Ill., for petitioner.

William A. Rogan and Herman Frank, both of Chicago, Ill., for respondent.

PER CURIAM. [1-3] As the matters which seem here to have been put in issue only by the briefs and arguments of counsel do not appear to have had the consideration of the District Court, and are not determined by the order sought herein to be reviewed, we are not in position to pass upon them. The District Court, by omitting on review of the referee's order the provision therein which gave respondents' claim superiority over the lien of the mortgage, would seem by implication to have concluded that this payment must not be made out of any property or funds in the hands of the trustees which are subject to the mortgage lien. It is our view that the order for payment "out of the property and effects of said estate in the hands of said trustees" must be read as though there had been added to it such words as "properly applicable to the payment thereof," for it is not to be presumed that the court intended to direct payment to respondents out of funds on which another held a prior lien, and which were not subject to be used to pay respondents' claims.

If petitioner or any one else claims to have a lien upon the funds in the hands of the trustees superior to the right of respondents or

of any other creditor to have their claims paid out of such funds, it is entitled in a proper proceeding to have such contention heard and determined before such payment of such claim is actually made. For otherwise, if the trustees wrongfully and on their own responsibility paid out the funds, those having the superior claim thereon might to their disadvantage be obliged to resort to the personal liability of the trustees and their sureties to make good any loss occasioned through such improper payment.

While we are satisfied that the order entered does not authorize the trustees, out of funds on which petitioner holds a first and valid lien, to pay respondents on account of any claim for services not rendered in the realization of the funds in the trustees' hands, or in the conservation of the property out of which it arose, yet in view of this controversy we deem it to be in the interest of justice and of all concerned that respondents' claim be not paid until it is ascertained whether all or any part of the funds in the trustees' hands may properly be applied to such payment.

To that end the order under consideration should be revised and amended so it will provide that such payment may be made only out of funds properly applicable thereto. The trustees should at once and before making payment report to the court the funds of said estate in their hands, and the source from which the same were derived, and if found to be subject to petitioner's prior lien, how much, if any, of respondents' services were rendered in the interest of such fund or mortgaged property, and, upon due notice to all parties concerned, the court should hear and determine all questions as to how much, if any, of the funds in the trustees' hands, are properly applicable to the payment of respondents' said claim. Pending the hearing and determination of these matters, the funds in the hands of the trustees must not be paid out for any purpose so as to reduce same below an amount sufficient to pay in full respondents' said claim. The matter is remanded to the District Court for further proceedings consistent with the views here expressed. Neither party shall recover costs in this court.