## BYRER v. BUSHONG.

### In re SNYDER et al.
### No. 4556.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1940.

Harry H. Byrer, of Martinsburg, W. Va. (S. Woods Byrer, of Martinsburg, W. Va., on the brief), for appellant.

No appearance for appellee.

Before PARKER, Circuit Judge, and COLEMAN and CHESNUT, District Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying allowance of attorney's fees to the attorney of two farmer bankrupts, Ferdinand Hammil Snyder and wife Maria Miller Snyder, who were adjudicated bankrupts pursuant to sec. 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. The attorney, on February 5, 1937, filed petitions asking that former petitions which had been dismissed be reinstated by the court and that petitioners be adjudged bankrupts and granted the relief provided by subsection s of section 75 of the Bankruptcy Act, and that an order be entered restraining the sale of their farms which had been advertised to be sold on April 10, 1937. Orders were entered adjudicating the petitioners bankrupts on these petitions and the sale of their farms was restrained. The cases were referred to a conciliation commissioner before whom the attorney appeared on several occasions representing the interests of the bankrupts. He appeared also at two hearings before the judge, in an effort to have the farms of bankrupts set aside to them upon the payment of an annual rental pursuant to the provisions of subsection s. On October 5, 1938, the court entered an order refusing to accept the annual rental tendered or to stay sale of the property for three years and granting a motion of the mortgage creditors that the real estate of bankrupts be liquidated and sold. The real estate was accordingly sold by the trustee and sale was confirmed by the court.

The amount realized at the sale, while more than sufficient to pay the principal of the mortgage indebtedness, was not sufficient to pay principal and accrued interest. There were no general assets from which costs could be paid; and the court

596

ordered that the taxes, expenses of sale and costs of the proceedings, including the fees of the appraisers and the conciliation commissioner, be paid from the proceeds of sale. There was no finding that the mortgage creditors were in any way benefited by the services rendered by the attorney for bankrupts; and an examination of the entire record in the case does not disclose that they were benefited, unless it be in that the commissions allowed the trustee for making the sale in the bankruptcy proceeding were $257.00 less than the commissions allowable under their deeds of trust, a very doubtful benefit considering the delay resulting from the proceedings and the fact that the sale price did not take care of accrued interest. The attorney for the bankrupts petitioned for an allowance of fee to be paid from the proceeds of sale of the mortgaged real estate; and from the order disallowing his petition, this appeal is prosecuted.

The position of appellant is that, since the mortgage creditors had the benefit of the bankruptcy proceedings for the sale of the mortgaged property, funds derived from the sale thereof should be chargeable with all proper costs of these proceedings, and that a reasonable attorney's fee for the attorney for the bankrupts is properly taxable as a part of the costs under Bankruptcy Act, sec. 64, sub. a(1), 11 U.S.C.A. § 104, sub. a(1). A sufficient answer to this is that the costs taxable against the bankrupt estate and given priority under sec. 64, sub. a(1) are payable out of the general assets of the estate, and that there is nothing in the act subjecting property of mortgagees to their payment. It is well settled that where a secured creditor is required to come into a court of bankruptcy to protect his lien on specific property, he should not ordinarily be charged with any part of the costs of the general administration of the estate. Mills v. Virginia Carolina Lumber Co., 4 Cir., 164 F. 168, 171, 21 L.R.A.,N.S., 901. Where, however, sale of property upon which he holds a lien or mortgage is made with his consent, the proceeds of sale are properly chargeable with "such part of the costs of the sale and of the expenses of administration as is attributable to the sale of the mortgaged property and the distribution of its proceeds." Tawney v. Clemson, 4 Cir., 81 F. 2d 300, 301, 304. The mortgagee under sec. 75, sub. s of the Bankruptcy Act must consent to the sale of the mortgaged property by the court, if he is to have foreclosure at all. John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. ——, 60 S.Ct. 221, 84 L.Ed. ——. And, since this is true, he should be charged with no more of the costs and expenses of the proceeding than are properly attributable to the sale, which is all that he is chargeable with under Tawney v. Clemson, supra, where he voluntarily consents to sale by the court.

The rule with respect to taxation of attorney's fees against proceeds of mortgaged property sold in a bankruptcy proceeding is that "expense of the trustee for attorney's fees in filing the petition for leave to sell, for examining the abstract or title search, and for other services redounding to the general benefit of the fund are chargeable as a first lien on the fund; but not attorney's fees for other services. And there can be no allowance therefrom for the bankrupt's nor the petitioning creditors' attorney's fees not connected with the direct preservation of the property sold." Remington on Bankruptcy, 4th ed., vol. 6, p. 113; Collier on Bankruptcy, 13th ed., vol. 2, p. 1353; In re O'Gara Coal Co., 7 Cir., 235 F. 883; Gugel v. New Orleans Nat. Bank, 5 Cir., 239 F. 676, 679; In re Freeman, D.C., 190 F. 48; In re Gillaspie, D.C., 190 F. 88; In re Williams' Estate, 9 Cir., 156 F. 934, 939. The rule is thus stated by Judge Ross, speaking for the Circuit Court of Appeals of the Ninth Circuit in the case last cited, viz.: "By coming into the bankruptcy court, therefore, the holder of a valid lien upon the estate of a bankrupt comes into an appropriate place and into a court amply able to enforce and protect his rights. By doing so the lienholder waives none of his rights. The enforcement of his lien in another court would entail upon the proceeds of the property upon which the lien exists the payment of the appropriate court costs; and so, in the enforcement of such lien in a court of bankruptcy, the proceeds of the property of the bankrupt upon which such lien exists is properly chargeable with the costs of such court appropriate to such enforcement, but with no other or further costs. They are not chargeable with the general costs of the administration of the bankrupt's estate, such as the services of a receiver in carrying on the business of the bankrupt, the expenses and losses of such business, the fees of the attorney for such receiver, the general fees of the trustee or those of his attorney."

There could be no more ground for charging a fund .derived from a sale of mortgaged property and belonging to the mortgagee with the fee of the attorney for the bankrupt than for charging it with the fee of the attorney for petitioning creditors in an involuntary proceeding, which has been expressly condemned in the district from which this appeal is taken. In re Gillaspie, supra; Remington on Bankruptcy, 4th ed., vol. 6, p. 239.

For the reasons stated, the order appealed from will be affirmed.

Affirmed.