**BONNER et al. v. SUITER et al.**

**No. 2027.**

Circuit Court of Appeals, Tenth Circuit.
June 10, 1940.

Rehearing Denied July 13, 1940.

---

H. A. Ledbetter, of Ardmore, Okl., for appellants.

Malcolm E. Rosser and J. F. Brett, both of Muskogee, Okl. (William A. Medill, of Kansas City, Mo., and George W. Leopold and Malcolm E. Rosser, Jr., both of Muskogee, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The Waddell Investment Company[1] held first mortgages on certain tracts of land embraced in the estate of J. S. Mullen, bankrupt. W. M. Bonner held a second mortgage on these tracts of land. The bankruptcy court ordered the lands sold free of liens. The order of sale provided that the purchaser might assume the amounts due on the Waddell mortgages in lieu of paying such amounts in cash. It further provided that the fees of the referee and trustee and compensation for the attorneys for the trustee should be paid out of the proceeds of the sale and the balance remaining applied upon the liens. To cover these fees the notice of sale provided that ten per cent of the bids should be deposited in cash with the trustee at the time of the sale. While the sale was being conducted Waddell and Bonner entered into an oral contract whereby it was agreed that bids made either by Waddell or Bonner should be treated as Bonner's bids and the sales confirmed to Bonner, and Bonner agreed that the lands so bid in should be subject to Waddell's mortgages and that he would assume and pay the same. Thus, Bonner became the successful bidder at the sale of all the tracts covered by his second mortgage. After the sale and on October 22, 1924, in confirmation of the oral agreement made during the sale, Bonner and Waddell entered into a written agreement by which Bonner agreed that the trustee's deed for each tract of land should be

---

[1] Hereinafter referred to as Waddell.

subject to the principal of Waddell's mortgage and current interest coupon, that Bonner would pay Waddell all delinquent items and advances due Waddell, and that the interest rate on delinquent items should be reduced from ten to eight per cent.

Bonner satisfied his bids by cancelling his mortgage indebtedness against the lands. The special master delivered deeds to Bonner without requiring him to pay the ten per cent cash deposit on the agreement of Bonner that he would make payment of such fees and costs of sale. Bonner also promised the trustee to pay such fees and costs.

After the sale, Bonner entered into written agreements with Waddell under the terms of which Bonner assumed and agreed to pay the notes secured by the Waddell mortgages, the due dates of the principal notes were extended, and the rate of interest was reduced to six per cent until maturity and was fixed at ten per cent thereafter.

The referee made an order requiring Bonner to pay such fees and costs. The District Court affirmed the order but provided that Bonner should be credited with the amounts paid on the Waddell indebtedness assumed by him. On an appeal this court ordered a rehearing. See Bonner v. Cannon, 10 Cir., 60 F.2d 228.

On remand the trustee on April 28, 1933, filed an amended claim against Bonner. This claim came on for hearing before the referee as to eight of the tracts of land purchased by Bonner, the claim with respect to the remaining seven tracts having been amicably adjusted between the trustee and Bonner. The claim with respect to the eight tracts in part reads as follows:

| "Tract No. | Amount Bid | Attys. Fee 2½% | Referee 1% Com. | Trustee 2% Com. | Taxes | Abstract |
|---|---|---|---|---|---|---|
| 6 | $ 2,000.00 | $ 50.00 | $ 20.00 | $ 40.00 | $ 74 04 | $ 37.00 |
| 7 | 3,500.00 | 87.50 | 35.00 | 70.00 | 10.00 | 33.25 |
| 10 | 3,250.00 | 81.25 | 32.50 | 65.00 | 108.79 | 29.00 |
| 11 | 3,500.00 | 87.50 | 35.00 | 70.00 | 101.20 | 22.50 |
| 12 | 4,500.00 | 112.50 | 45.00 | 90.00 | 199.08 | 23.75 |
| 18 | 1,100.00 | 27.50 | 11.00 | 22.00 | 146.01 | 23.50 |
| 27 | 1,100.00 | 27.50 | 11.00 | 22.00 | ..... | 23.00 |
| 29 | 3,000.00 | 75.00 | 30.00 | 60.00 | ..... | 22.50 |
| Total | $21,950.00 | $548.75 | $219.50 | $439.00 | $639.12 | $214.50 |

The attorneys fee, Referee com., Tr. Com., and taxes amount to ... $1,846.37

\* \* \* \* \* \* \* \* \*

General expense of sale, such as pub. notice of sale, appraisal, etc., ... $211.38

Total cost of abstracts on eight tracts ... 214.50

Cost of deed on Tract 10 ... 801.00"

The special master and the trial court found that Bonner was not liable for the last three items covering general expense of sale, abstract costs and costs of deed to tract No. 10 and charged him with the remaining items. They held that Bonner's claim for recoupment against Waddell could not be adjudicated in the bankruptcy proceeding. On a second appeal to this court[2] we held that Bonner was liable for all the items of fees and costs as above set out, except the $801 covering costs of deed to tract No. 10. As to that item, we said, "He should not be charged with an item of $801.00 paid out for a deed to clear the title on one tract, unless he authorized or agreed to the payment." In the opinion, after adverting to the fact that, during the sale, an arrangement was entered into between Waddell and Bonner by which it was agreed that bids made by either should be treated as Bonner's bids and the sales confirmed to Bonner and Bonner agreed that all lands so bid in should be subject to the Waddell lien, we said:

"Bonner's contention, as we understand it, is that he is not liable for costs of sale of tracts of land purchased by him where he held a second mortgage, but that such costs should be assessed against the first mortgagee, and if not paid by him, then paid by the other creditors. We cannot accede to any such untenable distinction. Bonner bid at the sale knowing that the costs of sale of a particular tract must be paid from the sale price of such tract, and be paid in cash by the successful bidder if he elected to discharge his bid by crediting the amount of liens thereon; and it makes not the slightest difference if the bidder used his own liens, or those of another, in so discharging his bid. Here again, such costs must come from the tract of land sold or be paid by mortgagees on other tracts of land, to be later collected from Waddell if they can. Bonner took Waddell out of the bidding, foreclosed his own second mortgages, has had all the benefits of the expense of administering these lands on which he held liens, and he ought to pay the expenses incurred for his use."

On August 25, 1927, Waddell assigned to Suiter the mortgage covering tract No. 6 and the note secured thereby. On July 16, 1925, Waddell assigned to Strehle the mortgage covering tract No. 11 and the note secured thereby. On July 1, 1925,

2 See First Nat. Bank of Ardmore, Okl., v. Bonner, 10 Cir., 74 F.2d 139, 142, 144.

Waddell assigned to Haag the mortgage covering tract No. 12 and the note secured thereby. On April 28, 1926, Waddell assigned to Hickok the mortgage covering tract No. 18 and the note secured thereby.

Bonner and Mabel R. Bonner, his wife, brought this action against Suiter, Haag and others. In their petition they alleged that under orders of the bankruptcy court they paid to Hal M. Cannon, trustee of the estate of Mullen, bankrupt, the sum of $5,-343.41 to cover fees, costs and expenses of sale for which Waddell was primarily liable; that they are entitled to have such sum credited on the first mortgages held by Waddell, or its assigns, and that when so credited, the mortgage indebtedness will be fully discharged. The Bonners prayed that the Waddell mortgages and notes secured thereby be cancelled and that the defendants be enjoined from instituting any suit or suits to foreclose such mortgages or to enforce the payment of the notes secured thereby.

Haag and Suiter filed answers and cross-complaints in which they set up their notes and mortgages and prayed for foreclosure thereof. Hickok and Strehle filed intervening petitions in which they set up their notes and mortgages and prayed foreclosure thereof.

From a judgment denying relief to the Bonners and adjudging and decreeing foreclosure of the mortgages of Suiter, Haag, Strehle, and Hickok, the Bonners have appealed.

The trial court found that the burden was on Bonner to prove that he had not been reimbursed by Waddell, or its assigns, for the costs and expenses paid by him and that he had failed to carry that burden; that he was estopped by his conduct from asserting any claim against Suiter, Haag, Strehle, or Hickok; that he received the benefit of the foreclosure of his second mortgage and was properly charged with the costs and expense of the sale; and that as to the amount of $1,619.33 which he paid as garnishee of Waddell he had been reimbursed by the assignees of Waddell.

Waddell received no direct benefit from the foreclosure proceeding. Bonner voluntarily availed himself of the bankruptcy proceeding to effect foreclosure of his second mortgage. The bankruptcy estate received no benefit from the sales. Under these circumstances the costs of sale were properly chargeable to Bonner. A lienholder must bear the expense of bankruptcy administration which is solely for his benefit.[3] We so held in First Nat. Bank of Ardmore, Okl., v. Bonner, 10 Cir., 74 F.2d 139, and we adhere to the conclusion there reached.

Affirmed.

---

[3] In re King, D.C.W.Va., 46 F.2d 115, 116; In re Louisville Storage Co., D.C. Ky., 21 F.Supp. 897, 899; Robinson v. Dickey, 3 Cir., 36 F.2d 147, 149; McNair v. McIntyre, 4 Cir., 113 F. 113, 114; Gugel v. New Orleans Nat. Bank, 5 Cir., 239 F. 676, 679.