## C. B. NORTON JEWELRY CO. v. HINDS.

### In re JONES.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1917.)

### No. 182.

1. BANKRUPTCY ☜368—TRUSTEE—ALLOWANCES.

Where it was apparent from the first that a sale by the trustee in bankruptcy of chattels held by the bankrupt subject to a mortgage would result in no balance over the lien for the benefit of the general estate, but would only foreclose the lien, the trustee is not entitled to commissions and expenses for making a sale of the property, though the mortgagee consented.

2. BANKRUPTCY ☜368—TRUSTEE—ALLOWANCES.

Under Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act June 25, 1910, c. 412, 36 Stat. 838, which permits commissions to trustees on all moneys turned over to any person, including lienholders, a trustee in bankruptcy who sells chattels subject to a mortgage is not, where it was apparent that no surplus would result to the general estate, entitled to commissions, for it was not his duty to foreclose the mortgage, and the statute obviously was not intended to allow commissions in such case.

3. BANKRUPTCY ☜272—RECEIVER—ALLOWANCES.

Where a receiver in bankruptcy took possession of chattels subject to a mortgage, the amount of which exceeded their value, and the property was subsequently disposed of by the trustee, the trustee is entitled to allowances for taxes paid thereon and expenditures in preserving the property, for the receiver properly took possession of the property until the validity of the lien could be determined.

Petition to Revise Order of the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

In the matter of the bankruptcy of C. L. Jones. Petition by the C. B. Norton Jewelry Company to revise an order of the District Court authorizing allowances to K. F. Hinds, trustee in bankruptcy, from the proceeds of the sale by the trustee of property covered by petitioner's mortgage. Order revised and modified.

Samuel Feller, of Kansas City, Mo., for petitioner.

William Hatch Davis, of Muskogee, Okl., for respondent.

Before HOOK, SMITH, and STONE, Circuit Judges.

STONE, Circuit Judge. This case arises on a petition by a valid chattel mortgage lien creditor of a voluntary bankrupt to revise an order of the District Court permitting the proceeds from the sale by the

trustee of property covered by the mortgage to be reduced by certain allowances in connection with the care and disposition of that property and with the general administration of the estate.

The undisputed facts are that the petitioner herein was the holder of a valid chattel mortgage, executed long prior to the adjudication in bankruptcy and covering certain fixtures and stock in a retail jewelry store; that in the schedule filed by the bankrupt were set forth the existence of this chattel mortgage, the amount of the then existing indebtedness thereunder, which was more than $2,000, and the estimated value of the security, which was placed at $1,500; that the bankruptcy petition was filed January 5, 1915; that January 22, 1915, the respondent was appointed receiver of the property; that February 3d a receiver's sale was ordered to be made, and was made February 12th; that February 13th, at the first meeting of the creditors, the respondent was elected and qualified as trustee; that upon that date this petitioner filed a petition of intervention, claiming the mortgaged property, and the earlier sale was set aside; that with full knowledge and consent of this petitioner a resale was made by the trustee on March 1, 1915, free from the claim of this lien.

The petitioner claims that it is entitled to the entire proceeds, $655, of the trustee's sale. The claim of the respondent, allowed by the order of the District Court, was that this amount should be reduced by $217.18. This latter sum was made up of three classes of items: Balance (after exhausting all other assets) of $94.93, expenses in administering the bankrupt estate; commission of $17.30, allowed the trustee on the sum ordered paid over to this petitioner; expenditures of $104.-95, in connection with the preservation and care of the chattels covered by the mortgage, composed of $12.35 expenses of the receiver, $30 compensation of the receiver, and $62.60 taxes.

[1] The controversy is over the propriety of the allowance of the above items. In so far as the allowance for general expenses in the administration of the estate and for commission to the trustee are concerned, the case of In re Harralson, 179 Fed. 490, 103 C. C. A. 70, 29 L. R. A. (N. S.) 737, decided in this court, is controlling. In that case the court refused to allow for commissions and expenses of a trustee in making sale of mortgaged property, deciding in effect that, as it was apparent from the first that there would be no balance over the lien for the benefit of the general estate, the bankruptcy official should not, as such, have taken steps which could have but the single result of enforcing the lien with no benefit to the estate. To the insistence of counsel that the present case is distinguishable upon the ground that the sale was here consented to, it may be said that in the Harralson Case the sale was in accordance with a stipulation and petition in which the claimant joined.

[2] Nor was, as urged by respondent, the amendment of 1910 (36 Stat. 838, 840), which permits commissions to trustees on all moneys turned over to any person, including lienholders, intended to cover payment of proceeds from sales of property which should not have been disposed of by the trustee, but should have been turned over to the lienholder. The principle which denied repayment of actual expenses

incurred by the trustee in sale of the lien property in the Harralson Case was that it was no part of the duty of the trustee to sell the lien property, with or without the consent of the lienholder, when there could be no benefit to the estate. When he acted outside the scope of his office, he could not make any claim at all as a trustee. We think the reasoning of that case sound, and do not believe Congress intended by the 1910 amendment to permit trustees to charge a compensation for performing acts outside their duties as such.

[3] It was found to be necessary for the preservation of this property that a receiver be appointed to take charge of it before the selection of a trustee. Under the circumstances this was a proper step until the validity of the lien revealed in the bankrupt's schedule could be properly determined. It was as much for the benefit of the mortgagee as for that of the bankrupt's general estate. Expenditures necessitated by such receivership do not come within the decision or reasoning of the Harralson Case, and should be allowed. They here consist of compensation of the receiver, $30, and expenses, such as invoicing, appraising, and incidentals in connection with the receivership, amounting to $12.35. Both of these sums, under the meager evidence, seem proper in amount. To this should be added $62.60 taxes paid on this particular property.

Our conclusion is that the order should be revised, to the effect that the trustee be directed to pay over to the petitioner the sum of $550.05, which is the sale proceeds less the above receivership items and taxes; and it is so ordered.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes