**In re ROTARY TIRE & RUBBER CO.**

**RABYOR et al. v. FRANKLIN MORTG. CO. et al.**

(Circuit Court of Appeals, Sixth Circuit. November 3, 1924.)

No. 4035.

Bankruptcy ☞267—Liability of mortgagee for insurance premiums.

Where mortgaged property of bankrupt was insured during the bankruptcy proceedings, loss payable to the mortgagee to the amount of its lien, the remainder being for the protection of general creditors, and the property was afterward sold free of liens for less than the mortgage debt, the insurance premiums are a lien on the fund prior to that of the mortgagee only to the extent that the premiums were for insurance for its benefit.

Petition to Revise an Order of the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

In the matter of the Rotary Tire & Rubber Company, bankrupt. Petition of F. J. Rabyor and others against the Franklin Mortgage Company and others to revise an order of the District Court. Affirmed.

Alfred N. Wilcox, of Columbus, Ohio (Knepper & Wilcox and P. E. Dempsey, all of Columbus, Ohio, on the brief), for petitioners.

J. D. Withgott, of Chillicothe, Ohio, for respondents.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. After the bankrupt's property had been sold by the referee, free from liens, and purchased by the mortgagee for less than the amount of its mortgage, and the fund was (practically) in court, the brokers, who had provided insurance during the bankruptcy, sought to have their claim for unpaid premiums adjudged to be prior to the mortgage. This claim of priority was allowed to the extent of these premiums which had accrued for insurance to an amount equal to the mortgage, but was denied for the cost of insurance in excess of that amount.

We find neither equity nor rule of law which entitles the claimants to a greater priority. The extent to which a mortgagee's claims may rightly be subjected to the administration expenses in bankruptcy has been much controverted under varying circumstances. In re Vulcan Co. (C. C. A. 3) 180 F. 671, 103 C. C. A. 637; Gugel v. Bank (C. C. A. 5) 239 F. 676, 152 C. C. A. 510. But it is clear that, when expenses are apportionable, there must have been a clear use by the mortgagee of the bankruptcy proceeding for the attempted betterment of his lien before it could be subjected to administration expenses beyond those separately apportionable to it. If the security is scanty, and for that or other reason, it is thought that a continuation of business will help the mortgagee, and he acquiesces, the continuation costs which accrue may have priority over him; but this was not such a case. The mortgage was $35,000; policies to this amount were made payable to the mortgagee as its interest might appear, and were deposited with it; further policies to a large amount, and, during the period while the property was thought much more valuable, were obtained and either appropriated to the security of a second lien holder or considered to be for the protection of general creditors. It does not appear that the mortgagee had any benefit from the trusteeship, excepting through avoiding the cost of a foreclosure of its lien and through the procuring of the policies appropriated to it. With the second of these it has been charged; we assume also with the first; and it seeks no review.

Accrued interest and such expenses as turned out to be prior to the mortgage increased the amount of the lien to a relatively small extent. It would have been proper for the mortgagee to insist upon some additional insurance payable to it, and, if this had been procured, there would have been the same equity in allowing priority to the additional premiums paid for this excess; but it is said—and not denied—that there was no such appropriation of any additional insurance, and that in case of loss the mortgagee would have no right of action, except for the $35,000. This situation does not support any additional award of priority. Of course, the right of priority here considered, and the right to prove the claim against the estate generally, are mutually distinct.

The petition to revise is dismissed, and the order under review is affirmed.