## In re FORD'S WAWBEEK SPRINGS, Inc.

(District Court, D. Massachusetts. June 15, 1925.)

No. 28604.

**Bankruptcy ⬯267—Trustee held not entitled to extra compensation and counsel fees from money belonging to mortgagee.**

A trustee *held* not entitled to extra compensation and counsel fees, which if allowed, must be paid from the proceeds of mortgaged property sold free from the lien of the mortgage, and which were insufficient to pay the mortgage debt.

In Bankruptcy. In the matter of Ford's Wawbeek Springs, Inc., bankrupt. On review of order of referee. Affirmed.

Joseph E. Kerigan, of Springfield, Mass., for trustee.

John P. Kirby, of Springfield, Mass., for respondent.

BREWSTER, District Judge. This is a petition to review an order of Referee Bosworth, disallowing the trustee's petition for authority to receive extra compensation, and to pay counsel fees and other charges of administration out of proceeds of a sale free from lien of property subject to a mortgage of $6,200, which this court has already declared valid. The proceeds were insufficient to satisfy the mortgage.

The referee's certificate shows that the trustee offered to prove the following material facts: The property involved in this

controversy was used in the manufacture of so-called soft drinks, or nonalcoholic beverages, and included a steam boiler, electric motors, carbonating machines, a large quantity of bottles and cases, and other personal property. This property, at least a portion of it, was located in the state of Connecticut and was in the possession of one Ford, who held it under a claim of ownership. . The trustee, with the consent of the mortgagee, decided to remove this property to Springfield, Mass., and in so doing experienced much difficulty, due to the interference of Ford. Ford also brought proceedings for the removal of the trustee, for injunctive relief, and for reclamation. All of these proceedings the trustee successfully opposed. He finally obtained leave to sell the property free from lien. The sale was conducted with due diligence, but less than $2,000 was realized from the sale of the property covered by the mortgage.

The trustee was then obliged to bring a replevin suit in order to obtain possession of assets sold at the sale, but which Ford had managed somehow to get into his possession. The trustee also assisted in the defense of proceedings in equity brought by Ford in the state courts of Connecticut to prevent purchasers at the sale from using the assets bought.

In connection with this litigation, both before and after the sale, trustee employed counsel. The trustee now asks to be paid extra compensation for his services rendered in acquiring the possession of, and in connection with the sale of, the property, and he also asks for authority to pay the fees of his counsel and the expenses of sale, as well as other charges of administration. He asks that these payments be made out of the proceeds received from the sale of the mortgaged property. In other words, having incurred expense in the hope of realizing something for creditors, and having failed in his endeavors, he now suggests that a secured creditor pay these expenses out of his security. There is nothing in the record to indicate that the mortgagee would have been put to any extraordinary expense in realizing on his security, if the trustee had not intervened. Moreover, it is clear, from facts that were before the referee in the bankruptcy proceedings, that the activities of the trustee were prompted more by the hope of invalidating the security of the mortgage than by any hope or expectation of realizing any surplus for creditors over and above the mortgage. In this attempt the trustee was not successful.

The learned referee declined to entertain these requests of the trustee, and I think, under all the circumstances, he was quite right in so doing. It is well to keep in mind the fact that the referee was not dealing with the question of the trustee's right to compensation, or his right to pay counsel fees. It might well be that some of these expenses would be a proper charge against funds in the trustee's hands available for creditors, had there been any. But the absence of such funds gives the court no warrant for ordering a creditor holding valid security to bear the expense. That would be impairing his security, which I understand the Bankruptcy Act does not permit. See section 67 of the Bankruptcy Act (30 Stat. 544 [Comp. St. § ·9651]). The action of the referee has the support of the weight of authority in this and other jurisdictions. In re Russell Falls Co. (D. C.) 249 F. 260; In re Howard (D. C.) 207 F. 402; In re Williams' Estate, 156 F. 934, 84 C. C. A. 434; Gugel et al. v. New Orleans Nat. Bank, 239 F. 676, 152 C. C. A. 510; In re Jones, 245 F. 341, 157 C. C. A. 533.

The referee's order, disallowing trustee's petition, is affirmed.