### In re DAWKINS.

District Court, E. D. South Carolina. September 7, 1929.

Julian S. Wolfe, of Orangeburg, S. C., for bankrupt.

Wolfe & Berry, of Orangeburg, S. C., for trustee and judgment creditors.

Sims & Sims, of Orangeburg, S. C., for mortgagee Robinson.

J. Stokes Salley, of Orangeburg, S. C., for mortgagee Green.

J. Leroy Dukes, of Orangeburg, S. C., for Orangeburg Community Hotel Corporation.

GLENN, District Judge. This matter came before me on petition of J. B. Robinson, who held a mortgage on certain real estate belonging to the bankrupt, making certain exceptions to the report of the referee in bankruptcy. All persons were properly represented at a hearing held before me at Columbia, S. C.

The said petitioner, J. B. Robinson, holds a first mortgage on certain real estate of the bankrupt, which property the trustee has ordered sold free of liens in the interest of the bankrupt estate. The petitioner objects to that part of the referee's report which directs that various attorney's fees, commissions, and expenses be paid out of the proceeds of the sale of the real estate covered by the aforesaid mortgage, prior to paying to the said petitioner the amount of his mortgage indebtedness.

I do not think that the mortgagee should be in any worse position in regard to his valid lien, protected by section 67d, Bankruptcy Act (11 USCA § 107(d), than if he had foreclosed his mortgage in the state courts; therefore I direct the referee to assess the pe-

titioner's real estate only so much of these costs and expenses as will equal the amount which foreclosure proceedings would have cost in the state courts. Any allowed costs above this sum should be paid from the general estate. In re Zehner (D. C.) 193 F. 787, 27 A. B. R. 536; Mills v. Virginia-Carolina Lumber Co., 164 F. 168, 90 C. C. A. 154, 21 L. R. A. (N. S.) 901; In re Hansen & Birch (D. C.) 292 F. 898; In re Hagin (D. C.) 21 F. (2d) 434; In re Westmoreland (D. C.) 4 F. (2d) 602.

Collier, Bankruptcy (13th Ed.) vol. 2, p. 1763: "The sale of incumbered property is for the benefit of the estate and the general creditors interested therein. The lien creditor is not usually benefited by the sale. It is therefore equitable to charge the expenses of the sale to the estate and not to the proceeds of the sale. The proceeds stand in place of the property mortgaged, and the mortgagee is entitled to distribution in full, without deduction of expenses of the sale or of administration of the bankrupt estate."

In note 577, cited at close of above quotation, the following appears: "Payment of Commission of Trustee and Referee out of Proceeds.—Where a bankrupt owns property which was subject to a mortgage securing a note for $1,640, the validity of which was unquestioned and the property was sold by the trustee free of the mortgage, and the mortgagee, who purchased the incumbered property at such sale for $1,500, was entitled to have the purchase price credited on his allowed claim without deduction for commissions of the trustee and referee, there being a general estate of the bankrupt out of which the commissions could be paid. Matter of [Harralson] Huggins (C. C. A. 8th Cir.) 24 Am. B. R. 715, 179 F. 490; In re Howard (D. C. N. Y.) 31 Am. B. R. 251, 207 F. 402; Norton Jewelry Co. v. Hinds (C. C. A. 8th Cir.) 40 Am. B. R. 320, 245 F. [341] 241."

In regard to attorney's fees, I am of the opinion that the attorneys for the mortgagee are clearly entitled to their fees. See Security Mortgage Co. v. Powers, 278 U. S. 149, 49 S. Ct. 84, 73 L. Ed. 236. There the Supreme Court holds that a court should allow the full 10 per cent. if the work done met the requirements of the local (i. e., Georgia) statute. Here Robinson's mortgage provided for the 10 per cent., and the custom in South Carolina for years has been to allow at least half of this, even where a foreclosure was brought by attorneys for another mortgage creditor, and the work done by attorneys for a lienholder brought into the bankruptcy court is practically the same. This court feels, there-

fore, that the fees allowed by the referee should be adjusted somewhat.

I direct that attorneys for the mortgage of J. B. Robinson, the petitioner, be allowed a fee of $250, which is reasonable and proper for them, and that the fee for the attorneys of trustee, for work done in connection with the sale of this real estate, should be not more than $125.

The report of the referee is affirmed generally, with the modifications indicated above.