**L. MAXCY, Inc., v. WALKER.**

**In re LAKE NURSERY CO.**

No. 9698.

Circuit Court of Appeals, Fifth Circuit.

May 2, 1941.

Rehearing Denied May 31, 1941.

See, also, 103 F.2d 24.

O. K. Reaves, of Tampa, Fla., and H. M. Hampton, of Ocala, Fla., for appellant.

Claude L. Gray and C. P. Dickinson, both of Orlando, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

On June 1, 1939, certain assets of Lake Nursery Company, bankrupt, consisting principally of a citrus grove of 165 acres, were sold at auction by the trustee, over the protest of appellant, L. Maxcy, Inc., which company held a mortgage on the property in the amount of $61,685.24. The property was bid in by appellant for $52,500. The referee ruled that appellant should pay to the trustee $8,953 as the cost of preserving the property and selling it and required appellant to deposit that amount in the registry of the court. The amount arrived at by the referee consisted of four items as follows: Referee's commission, $568; trustee's compensation, $2,750; attorneys' fees, $3,000; and certificates issued by the trustee, representing money borrowed by him, $2,635. On appeal the District Court ruled that the trustee was entitled to only his actual expenses and the compensation fixed by statute; that one certificate of $500 had not been authorized by the court and should be disallowed; that appellant should not be charged with any expenses of preserving the property; and that the referee should determine a reasonable fee to be paid to counsel for the trustee for services in and about the sale of the property only. The

case was sent back to the referee to enter judgment in conformity to that opinion. On reconsideration the referee decided that appellant should contribute $5,500 to the general fund of the bankruptcy, without specifying the items making up the amount. On a second appeal to the District Court this ruling was affirmed.

 It is apparent the property did not bring enough to satisfy the mortgage in full. It is settled in this circuit by numerous decisions that in such event the mortgage holder can not be compelled to contribute to the general fund of the estate more than the reasonable cost of selling the encumbered property, usually to be measured by the actual cost in a state court of foreclosing the lien.

The fundamental principle involved is that valid liens may not be impaired by taxing against encumbered property an amount greater than that. Bankruptcy Act § 67, sub. d, 11 U.S.C.A. § 107, sub. d. The amount taxable does not include hypothetical attorneys' fees where there has been no foreclosure, nor does it include the referee's commission or the trustee's compensation measured by the amount the property may bring. Gugel v. New Orleans Nat. Bank, 5 Cir., 239 F. 676; Lerner Stores Corp. v. Electric Maid Bake Shops, 5 Cir., 24 F.2d 780. See also In re Haynsworth, D.C., 34 F.2d 334; Tawney v. Clemson, 4 Cir., 81 F.2d 300, 301; Byrer v. Bushong, 4 Cir., 108 F.2d 594.

As to the trustee's certificate issued to the First State Bank of Eustis for money borrowed by the trustee, conceding that in certain circumstances the court may authorize a trustee to borrow money for the preservation of the property, in this case it appears that for the three years the trustee administered the property he received returns for fruit sold, $15,820, and other items exceeding $500. Furthermore, the certificates all contained the provision that they should rank in priority next after the valid liens of lien holders who had not consented to be subordinated to the obligation. It is not shown that appellant consented to the issuance of these certificates.

Under the general laws of Florida, 1925, chapter 10091—No. 69, the sheriff would be entitled to a commission on the amount the property brought amounting to $297. It is shown from the trustee's account that he expended $83.74 for advertising the property. It is not shown what the actual costs of court would be but it is doubtful they would exceed $50.

The case has been pending over four years. To remand it to fix these small amounts would unreasonably delay the final settlement. We think for appellant to contribute $500 to the bankruptcy fund would do justice to both sides.

The judgment appealed from is reversed and the case is remanded with instructions to require appellant to contribute the amount of $500 to the bankruptcy fund as a reasonable cost of selling the property and no more.