## In re BASKIND.

District Court, S. D. New York.

Jan. 9, 1942.

April & Eisenrod, of New York City (Nathan April, of New York City, of counsel), for trustee.

Samuel Robert Weltz, of New York City (Martin Kingsley, of New York City, of counsel), for mortgagee.

BRIGHT, District Judge.

Both the trustee and Estelle Paskin, a chattel mortgagee of certain fixtures in the bankrupt store, petition for a review of an order of the Referee which directed that the mortgagee have a first lien to the extent of $660 upon the proceeds of sale of the fixtures and merchandise in the store, from which was to be deducted $156.21, the amount found by the Referee as the proper share of the mortgagee of the cost of preserving and selling the property, and directed that the balance of $503.78 be paid by the trustee to the mortgagee. The trustee claims the amount allowed for the lien is in excess of the amount proven, and the mortgagee contends that it was not enough and that she should not have been charged with any portion of the expense.

The chattel mortgage was a lien only upon the fixtures. There was also in the store a cash register belonging to the National Cash Register Company, upon which there was due $290. The fixtures, cash register and merchandise were first sold in bulk and brought $1,600, of which $300 was for the cash register. The merchandise was then sold by lots, the highest bids aggregating $542.19, and upon a similar sale of the fixtures, the total of the bids was $90.25. The bulk bid of $1,300 for the merchandise and fixtures and of $300 for the cash register were accepted. Testimony was then taken as to the value of the merchandise and of the fixtures, and the Referee has found that the value of the merchandise was $540, of the fixtures $650, and of the equity in the cash register $10, and that the total realized upon the mortgaged property was $660. The auctioneer's fees in connection with the sale are found to have been $137.43, and the fees of the custodian $175, a total of $312.43, of which sum the Referee finds, since the mortgaged property did not realize more than the amount of the mortgage, which was $960, the mortgagee must bear her proportion of the cost of preserving the property and of the sale.

The Referee's finding of $660 as the value of the mortgaged property is confirmed. Because, however, it is not disputed that the chattel mortgagee opposed the order directing the sale of the mortgaged property clear of the mortgage, I do not think she should be charged with the expenses of the sale. The general rule is that such expenses must be paid out of the general fund, and it is only where there is no general fund and where the lienholder

has acquiesced in the sale or in the expenses that have been incurred for the benefit of the mortgaged property, are the expenses chargeable against the proceeds of sale. Virginia Securities Corp. v. Patrick Orchards, 4 Cir., 20 F.2d 78, 81; In re Dawkins, D.C., 34 F.2d 581, 582. It is said in Re Myers, 2 Cir., 24 F.2d 349, that the mortgagee's share is not chargeable with the general expenses of administration but only with the rightful proportion of the expenses of sale and of so much else as actually helped to preserve the property or its proceeds, but the cases cited in support, as well as other cases, apply that rule only where there has been a consent by the mortgagee to the sale, or an acquiescence in it, or the use of the processes of the Bankruptcy Court to protect the mortgaged property for the benefit of the mortgagee. Seaboard National Bank v. Rogers Milk Products Co., 2 Cir., 21 F.2d 414.

I think here the mortgage should be charged only with her proportionate share of the expenses of preserving the property until the sale. I compute that share as being $87.50.

Settle order on notice.