### In re STREET et al. (two cases).
### No. 10184.

United States Court of Appeals
Third Circuit.

Argued Oct. 5, 1950.

Decided Oct. 24, 1950.

James M. Tunnell, Georgetown, Del., for appellants.

Jackson W. Raysor, New Castle, Del., for appellee.

Before ALBERT LEE STEPHENS, GOODRICH and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal concerns the liability of a mortgagee for expenses involved in the sale of mortgaged property in the course of bankruptcy proceedings of the mortgagor. The amount involved in the particular instance is $383.46, but the point is of some importance in the administration of bankrupt estates.

The appellants, Ricards and Cannon, were creditors of Cornelius C. and Ethel M. Street. The Street debt was secured by a mortgage on Delaware land, the value of which was considerably more than the mortgage lien. The Streets became bankrupt. Upon the petition of the trustee an order was made directing the land to be sold free of liens. The appellants were given notice of the petition and neither objected nor affirmatively consented to the

7. 7 C.J.S., Attachment, § 245.

8. 7 C.J.S., Attachment, § 252b(2) (d).

granting of the order. The sale was ordered and the property brought a substantial sum over the appellants' secured claim. The referee, confirmed by the District Judge, ordered the proceeds to be used to pay the costs and expenses applicable to the sale and administration of this property, and that the mortgagees should be charged with their pro rata share of these expenses.[1] Thus, though the proceeds of the sale of the secured land exceeded the amount of the lien plus all costs of the sale and the proportion of the general administrative expenses attributable thereto, the mortgagees received $383.46 less than the full amount of their lien.

At the time this litigation was in the District Court the case of Reconstruction Finance Corporation v. Cohen, 10 Cir., 1950, 179 F.2d 773, had not been decided. In that case the 10th Circuit had the same point as that involved here, namely, whether the amount due the secured creditor was to be reduced by the 3% payment due the referees' fund under Section 40, sub. c(2) of the Bankruptcy Act as amended.[2] That court held that it should not.

We agree with the 10th Circuit decision on its facts even though it possibly conflicts with some general language found in Collier on Bankruptcy.[3] This leaves for future consideration a case presenting possible conflict between the decision of the 4th Circuit in Tawney v. Clemson, 1936, 81 F.2d 301, and broad language used by the 10th Circuit concerning the existence of a "general fund."

We put to one side, as presenting a different problem from ours here, the question where there is no surplus from the sale of the mortgaged property over the debt secured by the lien. Miners Savings Bank of Pittston v. Joyce et al., 3 Cir., 1938, 97 F.2d 973. See, also, In re Stephen R. Jackson & Co., D.C.Del.1949, 82 F.Supp. 966 and Virginia Securities Corporation v. Patrick Orchards, Inc., 4 Cir., 1927, 20 F.2d 78. If such a result is anticipated the court should not order the sale free from liens as both the 10th and 4th Circuits have pointed out in the decisions above cited. But if the sale is made and there is a deficiency courts agree that the expenses are not to be shifted by the lien holder to the general creditors.[4]

■ But that is not this case. Here it was anticipated that there was a substantial margin between the secured creditors' claim and the selling price of the property and that anticipation was happily realized at the sale. We think under these circumstances the 10th Circuit was right in not charging the lien holder with expenses.

■ The mortgagees did not ask for the Bankruptcy Court's services in foreclosing their lien. It is true they did not object and thereby acquiesced in the proposition that the mortgaged property should be sold free of encumbrances. But that sale was one which the trustee was undertaking for

---

1. The bulk of these expenses result from the trustee's commissions and the charge for the referees' salary and expense funds. In computing receivers' commissions, 11 U.S.C.A. § 76, sub. a, and the contributions to the referees' salary and expense funds, 11 U.S.C.A. § 68, sub. c (2), as interpreted in the Report of the Conference of Senior Circuit Judges, p. 263, September 1947, the entire proceeds of secured property sold free and clear of liens are to be included. Neither provision makes any reference to the source of payment of these fees. See Gugel v. New Orleans Nat. Bank, 5 Cir., 1917, 239 F. 676, 678.

2. 11 U.S.C.A. § 68, sub. c(2).

3. 4 Collier on Bankruptcy 1607–14 (14th ed. 1942).

4. Cf. Mills v. Virginia, 4 Cir., 1908, 164 F. 168; Gugel v. New Orleans Nat. Bank, 5 Cir., 1917, 239 F. 676; L. Maxcy, Inc. v. Walker, 5 Cir., 1941, 119 F.2d 535 (mortgagee objected); Lerner Stores Corp. v. Electric Maid Bake Shops, 5 Cir., 1928, 24 F.2d 780 (no objection). All these cases limit mortgagee's deduction to the amount it would have cost him had he foreclosed in the state court, and apparently without regard to whether he objected to the sale, and even though the property sold for less than the mortgage debt. In C. B. Norton Jewelry Co. v. Hinds, 8 Cir., 1917, 245 F. 341, and In re Harralson, 8 Cir., 1910, 179 F. 490, contribution to expenses of sale were refused because the proceeds were less than the mortgage, even though mortgagee consented to the sale.

the benefit of the general estate. Otherwise, the Bankruptcy Court should not have ordered the sale in this way. If the mortgagees had proceeded to foreclose their mortgage in Delaware they would have had the benefit of provision for attorneys fees contained in the mortgage and the other provisions as to recovering expenses of foreclosure given by the Delaware law.[5] We do not think because a mortgagee fails to object to a sale of a bankrupt's mortgaged property free from the mortgage, he should thereby impair his status as a secured creditor. It would be unfortunate to force him into the position of objecting each time it is proposed to sell property free of liens in order to protect his rights.

We think there is a solid distinction between a situation like that in this case and one where the security has been insufficient to pay the creditor's secured debt and the administrative costs of the sale. Where the sale is asked for, as here, by the trustees for the benefit of the general creditors we think it only fair that the estate which is to be shared by them should pay the expenses of the proceedings which was for their benefit.

The judgment of the District Court will be reversed and the case remanded for further proceedings consistent with this opinion.

5. Del.Rev.Code 1935, § 4682, Petitions of Warrington, 1935, 7 W.W.Harr.Del. 19, 179 A. 505; 59 C.J.S.Mortgages, § 806.