RECONSTRUCTION FINANCE CORP.
v.
RHODES.

RHODES
v.
RECONSTRUCTION FINANCE CORP.
No. 14825.

United States Court of Appeals,
Fifth Circuit.
Aug. 12, 1954.
Rehearing Denied Sept. 8, 1954.

Gray C. Ramsaur, Jacksonville, Fla., (Fleming, Jones, Scott & Botts, Jacksonville, Fla., of counsel), for appellant and cross-appellee.

Roy T. Rhodes and Leo L. Foster, Tallahassee, Fla., for appellee.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

HOLMES, Circuit Judge.

This is a bankruptcy proceeding in which, by order of court, there was a sale of encumbered assets free of liens. The court below confirmed the sale at the price bid by the lien creditor, which was less than the amount of the secured indebtedness; but the court ordered said creditor forthwith to pay to the bankrupt estate the sum of $860.79, which the court said represented expenses directly attributable to the sale of said property "and which were incurred by the trustee in his efforts to obtain the best bid possible." The above sum was itemized in the court's order as follows:

Appraisal fee and postage expense, $211.17
Trustee's telephone calls, 3.30
Advertising, 646.32

$860.79

It is apparent from the agreed statement of facts that these expenses were incurred for the benefit of the general creditors, not for the benefit of the lien creditor. The amount of the bid was $49,100; the amount of the mortgage indebtedness was in excess of $66,000. There were no other assets of the bank-

rupt corporation. The appellant and cross appellee, which was the mortgage creditor, filed no claim in this proceeding and objected to the sale by the trustee in bankruptcy. The R.F.C. has not entered into these proceedings except to object to the sale of the property free of its lien and to petition for permission to foreclose, which petition was denied.

■ The rule is well settled that, where the lien creditor in a mortgage or deed of trust does not consent to a sale free of liens, his contribution to the bankruptcy estate is limited to the cost of foreclosure under state law. In Gugel v. New Orleans National Bank, 5 Cir., 239 F. 676, there was an apparent equity for the bankrupt's estate in the encumbered property, and the court allowed the trustee the reasonable cost of the sale, measured by the usual costs in the state courts. In Lerner Stores Corp. v. Electric Maid Bake Shops, 5 Cir., 24 F.2d 780, this court held that a mortgage lienholder was not required to contribute more to the expenses of administration than it would have cost him to foreclose his mortgage under state law. In L. Maxcy, Inc., v. Walker, 5 Cir., 119 F.2d 535, 536, certiorari denied 314 U.S. 647, 62 S.Ct. 90, 86 L.Ed. 519, this court said: "It is settled in this circuit by numerous decisions that in such event the mortgage holder cannot be compelled to contribute to the general fund of the estate more than the reasonable cost of selling the encumbered property, usually to be measured by the actual cost in a state court of foreclosing the lien."

In City of New Orleans v. Harrell, 134 F.2d 399, at page 400, the Court of Appeals for the 5th Circuit said: "The validity of the chattel mortgage liens is undisputed, and it is well settled that when property so encumbered is sold in a bankruptcy proceeding for an amount not exceeding the balance of the mortgage debt, the creditor holding such lien, provided it is a first lien, is entitled to the entire proceeds of the sale, less only the estimated costs of foreclosure under the state law." See also In re Utt,

7 Cir., 105 F. 754; In re Zehner, D.C., 193 F. 787; In re Hansen & Birch, D.C., 292 F. 898; In re Dawkins, D.C., 34 F. 2d 581; In re Street, 3 Cir., 184 F.2d 710.

■ The trustee in bankruptcy contends, because the R.F.C. did not appeal from the decision of the referee, that it consented thereto. We think not; this would put too heavy a burden upon a lien creditor and might involve intolerable delays. As well stated by the district judge: "It is apparent from the very nature of the assets that additional delays in the disposition of the property involved will result in great depreciation and that large sums of money must of necessity be expended for the preservation of these assets." The referee in this instance constituted the court, and his decision was final since neither side sought to have it reviewed by the district judge.

■ This bankruptcy proceeding was undertaken primarily for the general creditors, and they were in general control of it. The trustee caused these expenditures to be made with the hope of gaining something for them. The effort having failed, the burden of the attempt should not now be shifted to the mortgagee, which opposed it all the time. The appellant is entitled to be paid the amount of its debt without diminution by the specific items that it was ordered to pay by the district court. Therefore, the order appealed from is reversed on direct appeal, affirmed on cross-appeal, and the cause remanded to the district court with directions to enter judgment against the Reconstruction Finance Corporation only for the cost of foreclosure under state law, measured by the usual cost in the state court of foreclosing similar liens.

Reversed on direct appeal, affirmed on cross-appeal, and remanded.

Judge STRUM sat during the argument of this case but, due to illness, he took no part in this decision.