**In re RICHARDS PONTIAC, INC., Debtor.**

**Bankruptcy No. 880-04368-20.**

United States Bankruptcy Court, E.D. New York.

Nov. 19, 1982.

Hahn & Hessen, New York City, for trustee; Richard S. Miller, New York City, of counsel.

Murov & Ades by Paul R. Ades, Lindenhurst, N.Y., for GMAC.

Moritt, Wolfeld & Resnick, Garden City, N.Y., for Korey Realty Co.; Neil J. Moritt, Garden City, N.Y., of counsel.

Fishel, Loughlin & Bowers, Garden City, N.Y. by Daniel J. Loughlin, Babylon, N.Y., for Bank of Babylon.

James Barr, New York City, trustee.

*Memorandum and Order*

ROBERT JOHN HALL, Bankruptcy Judge.

James Barr, as Trustee of Richards Pontiac, Inc., a debtor under chapter 7 of the Bankruptcy Code, moves under section 506(c), 11 U.S.C. § 506(c) (Supp. IV 1980) to recover from General Motors Acceptance Corp. ("GMAC") and the Bank of Babylon (the "Bank") the $8,663.20 use and occupation expense [1] incurred by the estate [2] while allegedly preserving GMAC's and the Bank's collateral.

*Background* [3]

Prior to the inception of these proceedings, the debtor owned and operated an automobile dealership. GMAC claimed a security interest in the debtor's cars and the Bank a security interest in just about everything else. The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on 29 July 1980. Shortly thereafter GMAC and the Bank commenced reclamation proceedings seeking a turnover of their collateral. The Trustee, after satisfying himself as to the validity of their security interests and the value of the collateral consented to the requested relief. The collateral, which represented almost the entire estate was liquidated by the lien-holders. The liquidation proceeds were insufficient, however, to satisfy GMAC's and the Bank's claims. Moreover, the estate has incurred a postpetition claim for use and occupation to the debtor's landlord in the amount of $8,663.20 which the Trustee now seeks to recover from GMAC and the Bank.

*Discussion*

Section 506(c) provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

11 U.S.C. § 506(c).

The legislative history to this subsection indicates that it was intended as a codification of pre-Code law. H.R.Rep. No. 595, 95th Cong., 1st Sess. 357 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5963.[4] This is in one sense, unfortunate for as *Colliers* indicates:

> [H]ardly any phase of the [pre-Code] bankruptcy law has been plagued with so many inconsistent generalities, irreconcilable rules and principles, disagreements between circuits and even within circuits

---

1. The Trustee's motion originally asked that GMAC and the Bank be charged $7,500.00 in statutory commissions and $10,000.00 in attorneys' fees in addition to the $8,663.20 in use and occupation. The Trustee has subsequently withdrawn his request for the commissions and attorneys' fees.

2. As of the date this motion was argued, the $8,663.20 claim of Korey Realty Co., the debtor's landlord, for postpetition use and occupation was under attack by the Trustee on the grounds that the reasonable value of the use and occupation was less than the rent reserved in the lease. *See In re North Atlantic and Gulf Steamship Company,* 166 F.Supp. 29, 33 (S.D. N.Y.1958), *aff'd sub nom. 120 Wall Associates v. Schilling,* 266 F.2d 548 (2d Cir.1959). The Trustee has subsequently withdrawn his objection to this claim. Consequently, absent an objection by some other party in interest, it is deemed allowed. 11 U.S.C. § 502(a).

3. There having been no trial, the Court is *not* making any findings of fact at this time. Rather, the Court is merely summarizing what it understands to have transpired in order to pass upon this motion.

4. The joint explanatory statement issued by the sponsors of the Code, and accordingly entitled to great weight, *Pauley v. Spong,* 661 F.2d 6, 10 (2d Cir.1981), explained the subsection thusly:

> Any time the trustee or debtor in possession expends money to provide for the reasonable and necessary costs and expenses of preserving or disposing of a secured creditor's collateral, the trustee or debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed secured claim held by such party.

124 Cong.Rec. H11,095 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); *id.* at S17,-411 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini). Although this language appears to be broader than that employed in the House and Senate Reports, there is no indication that the sponsors disagreed with the Committees' reported statement that this subsection was intended to be no more than a codification of pre-Code law.

(apparently without awareness thereof) and loose, indiscriminate statement of rules and citations of authority.

4B *Collier on Bankruptcy* ¶ 70.99 at 1224–25 (14th ed. 1978).

With that caveat in mind the general rule appears to have been that a lienholder "could be charged with any allowances which were fairly attributable to activities benefiting a secured creditor, or to which he expressly or impliedly consented, or which he caused." *First Western Savings and Loan Association v. Anderson,* 252 F.2d 544, 547 (9th Cir.1958);[5] *accord Charleston Savings Bank v. Martin (In re Colonial Realty Investment Co.),* 516 F.2d 154, 159 (1st Cir. 1975); *United States v. Henderson,* 274 F.2d 419, 420–21 & n. 6 (5th Cir.1960); *Crystal v. Green Point Sav. Bank (In re Franklin Garden Apartments, Inc.),* 124 F.2d 451, 454 (2d Cir.1941); *MacGregor v. Johnson-Cowdin-Emmerich, Inc.,* 31 F.2d 270, 272 (2d Cir.1929); *In re Myers,* 24 F.2d 349, 351 (2d Cir.1928); *In re Rapid Motor Lines, Inc.,* 223 F.Supp. 469 (D.Conn.1963), *aff'd per curiam,* 325 F.2d 436 (2d Cir.1964); *In re Alaska. Plywood Corporation,* 166 F.Supp. 423, 426 (D.Alaska 1958); *In re Louisville Storage Co.,* 21 F.Supp. 897, 899 (W.D.Ky.1936), *aff'd per curiam sub nom. In re Louisville Title Mortgage Company,* 93 F.2d 1008 (6th Cir.1938); *In re Hotel Associates, Inc.,* 6 B.R. 108, 112 (Bkrtcy.E. D.Pa.1980); *see also Adair v. Bank of America Nat. Trust and Savings Ass'n.,* 303 U.S. 350, 361–62, 58 S.Ct. 594, 600–01, 82 L.Ed. 889 (1938); *C.B. Norton Jewelry Co. v. Hinds (In re Jones),* 245 F. 341, 343 (8th Cir.1917).

In the situation where the lienholder had not caused or consented to the trustee's administration of the collateral, the recovery was generally limited to the lienholder's saved foreclosure costs, if any. *In re Street,* 184 F.2d 710, 711–12 (3rd Cir.1950); *Reconstruction Finance Corporation v. Co-*

*hen,* 179 F.2d 773, 777–78 (10th Cir.1950) (Murrah, J., concurring); *Oppenheimer v. Oldham,* 178 F.2d 386 (5th Cir.1949); *L. Maxcy, Inc. v. Walker (In re Lake Nursery Co.),* 119 F.2d 535 (5th Cir.), *cert. denied,* 314 U.S. 647, 62 S.Ct. 90, 86 L.Ed. 519 (1941); *In re Prindible,* 115 F.2d 21, 24 (3d Cir.1940); *Miners Sav. Bank v. Joyce,* 97 F.2d 973, 977 (3d Cir.1938); *Robinson v. Dickey,* 36 F.2d 147, 149 (3d Cir.), *cert. denied,* 281 U.S. 750, 50 S.Ct. 354, 74 L.Ed. 1161 (1930); *Raybor v. Franklin Mortg. Co. (In re Rotary Tire & Rubber Co.),* 2 F.2d 364 (6th Cir.1924); *Gugel v. New Orleans Nat. Bank,* 239 F. 676 (5th Cir.1917); and this rule has been carried forward by several Code cases, *In re Codesco,* 18 B.R. 225, 228 (Bkrtcy.S.D.N.Y.1982); *Moister v. Farmers Bank (In re Truitt);* 15 B.R. 169, 171–72 (Bkrtcy.N.D.Ga.1981); *Moister v. Dekalb Federal Savings & Loan Association (In re Robertson),* 14 B.R. 706, 708–09 (Bkrtcy.N.D.Ga.1981). *See generally* Levy & Gottlieb, *Allocation of Expenses of Preservation and Sale of Liened Property,* 1981 Com.L.J. 356.

Applying the foregoing to the case at bar, the Trustee has taken the position that this is a dispute between the landlord and the lienholders to be litigated between themselves. It is not. The Trustee having withdrawn his objection to the landlord's claim, conceeds the estate's obligation.[6] The Trustee must now affirmatively establish the elements of section 506(c) vis-a-vis each lienholder he wishes to recover from.

In the instant case, inasmuch as the Trustee is seeking to recover from two lienholders whose collateral apparently occupied different percentages of the leasehold property during the time interval under consideration necessitating a pro rating of the expenses, *Merchants Fund, Inc. v. Bartl (In re Merchants Storage Company),* 15 B.R. 448, 455 (Bkrtcy.E.D.Va.1981), the Court cannot pass upon this motion without first

---

**5.** *First Western* also stated a somewhat more liberal rule when the allowances to be charged against the lienholder were incurred in an aborted reorganization proceeding. 252 F.2d at 548–49; *accord Henderson,* 274 F.2d at 423. In the instant case, the expenses sought to be charged were incurred in a straight liquidation.

**6.** The Court offers no opinion as to whether that concession would be binding on those not in privity with the Trustee.

conducting a trial of these facts. Accordingly, the Court shall conduct an evidentiary hearing on this matter at 10:30 a.m. on December 7, 1982. The lienholders will then be entitled to rebut the Trustee's case by, *inter alia,* establishing that they could have recovered their collateral more cheaply without the Trustee having interceded.

So Ordered.