ROBERT L. PENNEY *vs.* WILLIAM H. LYNN *et al.*

Submitted on briefs July 10, 1894.    Reversed July 23, 1894.

No. 8748.

**Findings construed.**

The findings of the trial court construed as meaning that a certain contract was within the scope of the powers of a corporation, and also within the scope of the authority of the officer who executed it in its behalf.

**Contract construed.**

A certain instrument *held* to be effectual as an assignment of a lease of real estate for a term of years as collateral security for the payment of a promissory note.

Appeal by plaintiff, Robert L. Penney, as assignee of the American Exchange Bank, insolvent, from an order of the District Court of Hennepin County, *Charles M. Pond,* J., made January 31, 1894, denying his motion for a new trial in an action against William H. Lynn, as assignee of Gun Flint Lake Iron Company, insolvent.

*Henry J. Gjertsen,* for appellant.

This lease of mining land for twenty years is a chattel real and hence subject to be pledged the same as any other personal property. A corporation can pledge a chattel interest without a formal transfer.

Kortgaard as a director of the Gun Flint Lake Iron Company and as its secretary and treasurer was an agent of the company and had implied, if not express, authority to borrow money and execute the company's note therefor, and having in his possession the chattel of the company would be presumed to have authority to pledge the same as security for the debt on behalf of the company.

The note or memorandum made by him to the Bank is a sufficient compliance with the statute of frauds; and if it were not, the defendant is estopped from questioning the transaction.

*Reed & Dougherty,* for respondent.

The Gun Flint Lake Iron Company was a mining corporation, and the American Exchange Bank was a banking corporation. K. Kortgaard was a stockholder, director, secretary and treasurer of the Gun Flint Lake Iron Company, and as an officer, but without any express direction or authority from the Board of Directors or any other officer of the company, and without their knowledge, he on May 9, 1893, borrowed of the Bank $5,000 and executed to it a promissory note and also assigned to the Bank the lease as security. Defendant contends that Kortgaard had no authority or power to do this.

The assignment is void for the reason that it does not purport or undertake to assign the lease to the Bank, but assigns it to the order of themselves, which, if it meant anything, would simply transfer to themselves the interest they had before.

MITCHELL, J. This was an action to recover upon a promissory note executed by the Gun Flint Lake Iron Company,—a private corporation for pecuniary profit, organized under the laws of this state,—and for the enforcement and foreclosure of a lien upon a leasehold estate for 20 years on certain real estate, which, it is alleged, the corporation assigned and transferred as collateral security for the payment of the note. The case comes up on the pleadings and findings, without any "case" or bill of exceptions; hence, the only question is whether the conclusions of law were justified by the findings of fact.

The court finds: That one Kortgaard was the treasurer and secretary of the corporation, and the owner of about sixty per cent. of its capital stock. That on the 9th day of May, 1893, the said defendant Kortgaard, as such secretary and treasurer, for and in the name of the defendant Gun Flint Lake Iron Company, duly made its note, payable to the order of itself, in the words and figures following, to wit.

"$5,000. Minneapolis, Minn., May 9th, 1893. Ninety days (without grace) after date, we promise to pay to the order of ourselves five thousand dollars, at said bank, in gold coin or its equivalent, with interest after maturity at the rate of ten per cent. per annum until fully paid, for value received; having deposited with said bank, as collateral security for payment of this or any other liability or liabilities of ours to said bank, due or to become due, or which may be hereafter contracted, the following property, viz.: A certain lease of iron ore bearing lands, given February 27th, 1892, by H. Mayhew and others to John Paulson, and by him assigned to the Gun Flint Lake Iron Company, covering the south one-half of the N. E. one-fourth and the N. E. one-fourth of the N. E. one-fourth of section 28, township 65, range 4 W., Cook Co., Minnesota, with full power and authority to said bank to sell, assign and deliver the whole or any part thereof, or any substitute therefor, or any additions thereto, at any brokers' board, or at public or private sale, at the option of said bank or its president or cashier, or its or their or either of their assigns, on the nonperformance of this promise, or the nonpayment of any of the liabilities above mentioned, or at any time or times thereafter, without advertisement or notice, which are hereby expressly waived; and upon such sale the holder hereof may purchase the whole or any part of such securities, discharged from any right of redemption. And, after deducting all legal and other costs and expenses for collection, sale, and delivery, to apply the residue of the proceeds of such sale or sales so to be made to pay any, either, or all of said liabilities to said bank or its assignee, as its president or cashier, or its or their or either of their assigns shall seem proper, returning the overplus to the undersigned. And the undersigned agrees to be and remain liable to the holder hereof for any deficiency.

"[Signed]  Gun Flint Lake Iron Co.,

"By K. Kortgaard, Secretary and Treasurer."

That thereupon, and on that day, the said defendant Kortgaard, acting for and in behalf of the said Gun Flint Lake Iron Company, duly indorsed said contract in the name of said company, and duly delivered the same, so indorsed, to the said American Exchange Bank, and thereupon, in consideration thereof, the said American Exchange Bank paid to the said Kortgaard, for the use and benefit of the said Gun Flint Lake Iron Company, the consideration therein named.

That on the 29th day of May, 1893, at the time of the delivery of said note to the said American Exchange Bank, and for the purpose of securing said note, the said Kortgaard, acting for and on behalf of said defendant Gun Flint Lake Iron Company, duly delivered to the said American Exchange Bank the said written lease so creating said leasehold estate.

The only transfer or conveyance of said leasehold estate by the said defendant Gun Flint Lake Iron Company to the said American Exchange Bank, claimed by the plaintiff to have been made herein, arises under and by virtue of the stipulation and agreement set forth in said note.

The court found, as conclusions of law, that the plaintiff was entitled to judgment against the corporation for the amount of the note, but that the bank did not acquire any right, title, or interest to or in the lease. It is the latter conclusion of law which is assigned as error.

We must assume, in accordance with the presumption of law, as well as from a fair construction of the findings, that it was within the scope of the powers of the corporation to execute this promissory note, and, as security for its payment, to assign or mortgage this leasehold estate; also, that Kortgaard, as secretary and treasurer, was its duly-authorized agent to do this in its behalf; also, that the corporation received and retained the consideration.

The court's findings of fact, as well as its conclusions of law,— especially where it holds the corporation liable on the note,—all proceed on this theory; but the view of the court seems to have been that, conceding all this, the instruments executed and acts done by Kortgaard were not sufficient in form to be effectual to assign or transfer this lease or leasehold estate.

Under the circumstances the transaction must be treated precisely as if it had been entered into by a natural person, and the corporation

cannot take advantage of any informalities of which a natural person could not take advantage under like circumstances. If a natural person had held this lease, and had done these same acts for the purpose and with the intention of assigning it as collateral security, we are clearly of the opinion that it would have been effectual to accomplish that purpose; and, even if not amounting to a formal assignment, it would be enforced as a valid agreement to assign.

The question is discussed in the briefs whether a leasehold estate for twenty years is real or personal property. While, under our statute, as at common law, it is a chattel real, yet it is an estate or interest in lands, which comes within the provisions of the statute of frauds, requiring any assignment or contract for the assignment thereof to be in writing, subscribed by the party assigning the same. The writing executed by Kortgaard in all respects fulfills the requirements of the statute.

While this instrument does not use the word "assign," but recites that the lease was "deposited" with the bank, yet, taking all of the provisions of the writing together, it must be construed, as it was evidently intended, as an assignment of the lease as collateral security for the payment of the note.

Cause remanded, with directions to the trial court to amend its conclusions of law and order for judgment in accordance with this opinion, and as prayed for in the complaint.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1043,)