**Janis and Elza GRAVA, et al.,
Petitioners, Appellants,**

v.

**COUNTY OF PINE, et al., Respondents,**

**State of Minnesota, et al., Respondents.**

**No. 47549.**

Supreme Court of Minnesota.

July 14, 1978.

McGovern, Henkel & Paquin, Minneapolis, for appellants.

George Colburn, Asst. Co. Atty., Pine City, for respondent County of Pine.

Warren Spannaus, Atty. Gen., Paul Kempainen, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for respondent State of Minn.

Heard before ROGOSHESKE, PETERSON and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Appeal from the order and judgment of Pine County District Court, denying the application and petition to set aside tax judgments on improved real estate owned by the Federal government and used

by petitioners, Janis and Elza Grava, et al.[1] We affirm.

The evidence before the District Court was largely undisputed: Petitioners, or their predecessors in interest (hereafter, "Petitioners"), were, prior to 1970, the respective fee simple owners of parcels of real estate located on the St. Croix River in Pine County, Minnesota. Over a period of time between December 14, 1970, and November 15, 1972, the United States acquired fee simple title to the various parcels in accordance with the Wild and Scenic River Act, 16 U.S.C.A. § 1277. The warranty deeds included 15 or 25 year reservations of use by petitioners, and, in the case of the Grava, Jambeck, and Weier deeds, clauses making those parties "responsible for all property taxes" during their term. In affidavits filed with the petition, Toivo Jambeck, Helen Jambeck, Anna Weier and Roman Weier stated that representatives of the United States government assured them that there would be no property tax obligation, that the clause was inserted for "administrative purposes". They stated that they would not have entered into the transaction had they known of the property tax liability.

After the deeds were executed, Pine County continued to list the parcels on its real estate tax rolls and continued to send real estate tax statements to petitioners. Each year upon nonpayment, the taxes became delinquent, the respective parcels were duly listed, and notices of delinquency were given. Petitioners did not file answers with the court, and default judgments were entered.

The instant action to vacate the tax judgments on petitioners' "reservations of use" interests challenges (1) the characterization of such interests as "real," rather than "personal" property; and (2) the statutory basis and authority for taxing such property.[2] We consider each challenge:

■ 1. Do petitioners' reservations of use interests constitute "real property" for purposes of taxation?

All real and personal property in the state is taxable. Minn.St. 272.01. Because *personal* property taxes were not in effect in Pine County during the years in issue,[3] taxability of the use interests depends upon their classification.

Powell notes the difficulty in classifying an estate for years:

" * * * Historically, the interest of the lessee was personal property and not real property. In modern law this simple answer has been made less simple by two factors. These are (1) the growth of statutory definitions of real property made for the purposes of some particular statute on descent, on conveyancing, on

---

1. Minn.St. 279.22 states: "The court wherein any tax judgment is entered may, at any time, upon satisfactory proof, vacate and set aside such judgment on the ground that the tax in question was paid before judgment was rendered, or that the land in question was not subject to taxation. Application to open such judgment may be summary, upon such notice to the purchaser and county auditor as the court may direct; and, if a defense is allowed to be interposed, the case shall proceed in all respects as in defended cases."

  The appeal is pursuant to Minn.St. 279.21, which provides that "[t]he orders and judgment of the district court [regarding delinquent real estate taxes] shall be subject to review by the supreme court as in other civil actions." An order denying an application to open a tax judgment is a final order affecting a substantial right made in a special proceeding. *Commissioners of Aitkin County v. Morrison*, 25 Minn. 295 (1878). It is thus appealable under Rule 103.03(h), Rules of Civil Appellate Procedure.

2. It must be emphasized that the Federal government's immunity from local taxes is not in issue. *M'Culloch v. State of Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). Nor are the petitioners claiming an exemption as "federal instrumentalities." See *Miller v. Bauer*, 517 F.2d 27 (7 Cir. 1975).

3. Minn.St. 272.61 provides: "The county board of any county may exempt from taxation all class 2 property as defined in section 273.13, situated within the county."

  Minn.St. 273.13, subd. 3, included in the definition of class 2 property "all personal property actually used by the owner for personal and domestic purposes * * *." Effective for taxes payable in 1976 and subsequent years, the definition of class 2 property was deleted, L.1975, c. 376, leaving only the definition of class 2a property (mobile homes).

rights of creditors or on some other subject which includes the interest of the lessee in the term 'real property'; and (2) the opportunity found by courts in the factual hybrid character of the interest of a lessee, to select for stress in a given case that aspect of its character which leads to the desired result in the case before the court for decision." 2 Powell, Real Property, § 221[2].

For purposes of taxation, Minn.St. 272.03 defines "real property" to include "the land itself * * * and all rights and privileges belonging or appertaining to it * * *." The definition is liberal enough to include use interests, and several cases have, obiter dicta, approved real property taxation of such private interests although the underlying title was held by tax-exempt institutions.[4] Identical statutory language in other jurisdictions has been held to authorize real property taxation of private leaseholds in tax-exempt land.[5]

The second factor noted above, the result of classification in the context of the issue before the court, has clearly been a consideration in prior cases. Thus, the lessee's interest has been classified as "real property" for purposes of the statute of frauds, *Penney v. Lynn*, 58 Minn. 371, 59 N.W. 1043 (1894); liability for building code violations, *Judd v. Landin*, 211 Minn. 465, 1 N.W.2d 861 (1942); and recording act requirements. See, 19 Minn.L.Rev. 712. Similarly, long-term rights to the private use, occupancy and possession of real property may be properly classified as real property for purposes of taxation. "So, at the outset, it would seem to most people that this property and [petitioner's] use and possession of it should bear its just proportion of the public tax burden." *In re Petition of*

S.R.A., Inc., 213 Minn. 487, 491, 7 N.W.2d 484, 487 (1942). See, also, *Chun King Sales, Inc. v. County of St. Louis*, 256 Minn. 375, 383, 98 N.W.2d 194, 199 (1959).

In response to these arguments, petitioners cite language in two statutory provisions which, while not technically controlling, nonetheless suggests that such use interests have been specifically classified as personal property for taxation purposes. Careful review of these provisions, in the historical context at their enactment, disposes of petitioner's contentions.

First, Minn.St. 272.03, subd. 2(3) defines as personal property, "[a]ll improvements upon land the fee of which is vested in the United States * * *." This provision was intended to *assert*, not restrict, state and local power to tax private interests in federal real property.

When enacted, L.1878, c. 1, § 3, inter-governmental immunity was broadly construed and accorded to private persons whose activities and property were closely related to those of the Federal government. See, generally, Powell, *The Waning of Intergovernmental Tax Immunities*, 58 Harv.L. Rev. 633. Thus, reclassification of private improvements as "personal property" was intended to expand local tax power to its then-recognized limits.

Similar analysis yields similar results in considering petitioners' second asserted statutory basis. Minn.St. 272.01, subd. 2, which provides for taxation of business use interests in tax-exempt land, concludes by stating that:

"Taxes imposed by this subdivision shall be due and payable as in the case of personal property taxes and such taxes

4. *Deponti Aviation Inc. v. State*, 280 Minn. 30, 157 N.W.2d 742 (1968); *State v. Rhude and Fryberger*, 266 Minn. 16, 123 N.W.2d 196 (1963); *Chun King Sales, Inc. v. County of St. Louis*, 256 Minn. 375, 98 N.W.2d 194 (1959); *Land O'Lakes Dairy Co. v. County of Wadena*, 229 Minn. 263, 39 N.W.2d 164, affirmed, 338 U.S. 897, 70 S.Ct. 251, 94 L.Ed. 552 (1949); *Christian Business Men's Committee v. State*, 228 Minn. 549, 38 N.W.2d 803 (1949); *In re Petition of S.R.A., Inc.*, 213 Minn. 487, 7

N.W.2d 484 (1942), affirmed, *S.R.A., Inc. v. Minnesota*, 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1945).

5. *Iron County v. State Tax Commission*, 437 S.W.2d 665 (Mo.1968); *Application for Awarding of Process of Subpoena*, 21 N.J.Misc. 387, 34 A.2d 239 (1943); *Otter Tail Power Co. v. Degnan*, 64 N.D. 413, 252 N.W. 619 (1934); *Moeller v. Gormley*, 44 Wash. 465, 87 P. 507 (1906).

shall be assessed to such lessees or users of real or personal property in the same manner as taxes assessed to owners of real or personal property, except that such taxes shall not become a lien against the property. When due, such taxes shall constitute a debt due from the lessee or user to the state, township, city, county and school district for which the taxes were assessed and shall be collected in the same manner as personal property taxes."

Examination of the language reveals that references to personal property taxation are in connection with the manner of *payment* or *collection*; the statute clearly recognizes the *assessment* to be made in same manner as for real property. The distinction is made because the landmark decision permitting taxation of lessees of Federal government property, *United States v. City of Detroit*, 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed.2d 424 (1958), carefully noted that taxes due were the *personal* obligation of the private user, rather than subjecting the underlying property to liability. 355 U.S. 469, 78 S.Ct. 476, 2 L.Ed.2d 427. As this court noted in *State v. Rhude and Fryberger*, 266 Minn. 16, 23, 123 N.W.2d 196, 201 (1963), that portion of Minn.St. 272.01, subd. 2 (Ex. Sess.L.1959, c. 1, § 1) was intended to *change* the obligation to pay taxes on such leases to a personal liability of the lessee, again, in order to assert local tax power to its new limits. We find no evidence of legislative intent to generally classify use interests as personalty.

6. Minn.St. 272.01, subd. 1, states: "All real and personal property in this state, and all personal property of persons residing therein, including the property of corporations, banks, banking companies, and bankers, is taxable, except Indian lands and such other property as is by law exempt from taxation."

7. Minn.St. 273.19, subd. 1, states: "Property held under a lease for a term of three or more years, and not taxable under section 272.01, subdivision 2, or under a contract for the purchase thereof, when the property belongs to the state, or to any religious, scientific, or benevolent society or institution, incorporated or unincorporated, or to any railroad company or other corporation whose property is not taxed in the same manner as other property, or when the property is school or other state lands, shall

2. May respondent county tax private, non-business, use interests in real property, title to which is held by the United States?

Petitioners contend that, accepting the characterization of their use interests as "real property," the specific provisions for taxation of use interests negate any argument that all such interests are generally taxable under Minn.St. 272.01, subd. 1.

Again, the present statutory scheme can only be understood by its historical development. Minn.St. 272.01, subd. 1,[6] which authorizes taxation of all non-exempt real and personal property, and Minn.St. 273.19,[7] which specifically taxes private interests in real property held by tax-exempt institutions (except the Federal government), were enacted in 1878, L.1878, c. 1, § 1; c. 1, § 27, at a time when Federal immunity to local taxation was broadly accorded to third persons whose property was in some way related to governmental activities. In 1958, a series of United States Supreme Court decisions [8] significantly changed local tax liability of such third persons. In particular, *United States v. City of Detroit, supra,* upheld a Michigan statute providing for real property taxation of business leases of tax-exempt property as applied to a lessee of federally-owned land. The following year, Minnesota adopted, almost verbatim, the provision approved in *United States v. City of Detroit, supra,* which became Minn.St. 272.01, subd. 2.[9] Ex.Sess.L.1959, c. 1, § 1. Although the resulting statutory

be considered for all purposes of taxation, as the property of the person so holding the same."

8. *United States v. City of Detroit*, 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed.2d 424 (1958); *United States v. Township of Muskegon*, 355 U.S. 484, 78 S.Ct. 483, 2 L.Ed.2d 436 (1958); *City of Detroit v. Murray Corp. of America*, 355 U.S. 489, 78 S.Ct. 458, 2 L.Ed.2d 441 (1958).

9. Minn.St. 272.01, subd. 2, states: "When any real or personal property which for any reason is exempt from ad valorem taxes, and taxes in lieu thereof, is leased, loaned, or otherwise made available and used by a private individual, association or corporation in connection with a business conducted for profit; except where such use is by way of a concession in or

scheme includes some cross references, it is less than perfectly integrated. Thus, the fact that the real property use interests in issue here do not fit within the literal terms of any of the specific provisions does not compel the conclusion that the legislature intended to overlook such interests, otherwise taxable under the general provision. If anything, the prompt enactment of Minn.St. 272.01, subd. 2, indicates the intent of the legislature to provide for the taxation of such property in accordance with the requirements of *United States v. Detroit, supra.*

We conclude that this legislative pattern, providing for expanded taxation in accordance with the accepted contemporary limits of Federal immunity, is consistent with our public policy that all property should share equally the burden of taxation. See, Minn.Const. art. 10, § 1. We find no indication of an intent to *limit* the broad grant of local taxing power contained in Minn.St. 272.01, subd. 1, beyond the constitutional requirements of intergovernmental immunity. Petitioners raise no constitutional challenge to the levy; accordingly, the judgment of the district court is affirmed.[10]

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

relative to the use in whole or part of a public park, market, fair grounds, airport, port authority, municipal auditorium, municipal museum or municipal stadium there shall be imposed a tax, for the privilege of so using or possessing such real or personal property, in the same amount and to the same extent as though the lessee or user was the owner of such property. · Taxes imposed by this subdivision shall be due and payable as in the case of personal property taxes and such taxes shall be assessed to such lessees or users of real or personal property, except that such taxes shall not become a lien against the property. When due such taxes shall constitute a debt due from the lessee or user to the state, township, city, county and school district for which the taxes

were assessed and shall be collected in the same manner as personal property taxes."

10. The tax is not constitutionally infirm. At the trial before the district court, the county and state scrupulously separated private and public interests and liabilities in the subject property:

"Respondents herein wish to begin their argument with a firm declaration that the State of Minnesota is not attempting in any way to impose a tax upon any interest of the United States of America. Minnesota does not propose to seek to divest, through any tax enforcement proceedings, the fee title of the United States in any of the parcels in issue herein."